## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| IVERSON DAMON LANG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV421-137 |
| | ) | CV421-150 |
| | ) | CR418-166 |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Iverson Lang pleaded guilty to one count of possession of a firearm by a prohibited person.  Doc. 100 at 1.[1]  He was sentenced to seventy-five months of incarceration.  *Id.* at 2.  He appealed his conviction, but his appeal was dismissed for lack of jurisdiction.  *See generally* doc. 119.  He filed a 28 U.S.C. § 2255 motion in the Court of Appeals, alleging that his trial counsel provided ineffective assistance, which was forwarded to this Court.  *See* doc. 122; *see also* CV421-137, doc. 1 (S.D. Ga. May 5, 2021, *nunc pro tunc* Apr. 30, 2021).  He subsequently filed a motion that added

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR418-166.

1

an additional basis for his claim. *See* doc. 125. The Clerk assigned that second motion a new civil filing number. *See* CV421-150, doc. 1 (S.D. Ga. May 13, 2021). For the following reasons, preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motions should be **DENIED**.

## ANALYSIS

Lang's original Motion asserts a single ground for relief, that his trial counsel was constitutionally ineffective. *See* doc. 122 at 5-11; *see also* doc. 125 at 4-10. He alleges that his counsel was ineffective in four specific ways: (1) that counsel failed to challenge DNA results, (2) that "[h]e withheld that would prove my innocent written 'Affidavits[']," (3) that "[h]e also withheld audio and video that would have proven [Lang's] innocent [sic]," and (4) that he provided "misadvice" to plead guilty. Doc. 122 at 5. His second Motion also asserts his counsel's ineffective assistance as the sole ground, including all four allegations listed above, but adds an additional contention that counsel was ineffective for failing to argue "the fact that [Lang] was already incarcerated when this weapon was found." Doc. 125 at 4. The Court construes Lang's subsequently filed

Motion as an Amended Motion.[2]  Since the Amended Motion supersedes the original, the original motion should be **DISMISSED** as moot.  Doc. 122; *see, e.g., Smith v. United States*, 2020 WL 703819, at \*1 (S.D. Ga. Feb. 11, 2020) (Hall. C.J.) (dismissing as moot § 2255 motion superseded by amendment).   Accordingly, civil action CV421-137 should be **DISMISSED** in its entirety.

After pleading guilty, a defendant can only attack his resulting conviction in "strictly limited" circumstances.  *Bousley v. United States*, 523 U.S. 614, 621 (1998).  A § 2255 challenge to a conviction by guilty plea is "ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989) (finding constitutional

---

[2]  The Court applies Federal Rule of Civil Procedure 15's standards in evaluating motions to amend pleadings pursuant to § 2255. *See* Rule 12, Rules Governing § 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *see also, e.g., Bellefleur v. United States*, 489 F. App'x 323, 324 (11th Cir. 2012) (applying Federal Rule of Civil Procedure 15(a) in the context of a § 2255 proceeding).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court discerns no reason to deny the amendments.

that defendant could not raise double jeopardy claim on collateral attack following guilty plea where plea was counseled and voluntary). Pertinently, a knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the plea. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam).

It is not clear that Lang even contends that his attorney's alleged ineffectiveness implicated his plea. *See* doc. 125 at 4 (alleging only that his attorney "gave [him] misadvice [sic] to plead guilty."). Even if he did assert such an implication, that assertion is wholly contradicted by the transcript of the Rule 11 hearing. During the hearing, the Court had Lang placed under oath and engaged in an extensive colloquy. Doc. 81 (Minute Entry); *see also* doc. 108 (Transcript). Given Lang's sworn statements during his Rule 11 hearing, discussed below, he cannot credibly argue that his guilty plea was involuntary, unknowing, or unintelligent. *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986).

During the plea hearing, the Court went to great lengths to make certain that Lang's guilty plea was a product of his own free choice and

made with full knowledge of the consequences of that plea.[3]  Lang was able to converse with the Court, recount personal information, and respond to all the Court's questions, and he repeatedly stated that he understood everything that the Court had said and done during the hearing.  *See generally* doc. 108.  Moreover, he engaged with the District Judge when he wished to clarify her questions or did not fully understand her explanations.  *See id.* at 8 (inquiring whether his guilty plea would be "binding"), 9-10 (engaging in discussion with the Court and counsel concerning counsel's discussion of the Sentencing Guidelines).

The Court apprised Lang at length of the difference between a plea of guilty and a plea of not guilty and the presumption of innocence, his right to maintain a plea of not guilty, his trial rights including the right

---

[3]  *See* doc. 108 at 3 ("The Court: Now, Mr. Lang, is anybody making you, pushing you, leaning on you to come in here and change your plea?  The Defendant:  No, ma'am."), 6-7 ("The Court:  Also know that you don't have to plead guilty.  If you want to persist in a plea of not guilty you're entitled to do that . . .), 8-9 ("The Court: . . . If you plead guilty and if I decide that you understand what you're doing and have talked with your attorney about it and all your questions are answered, and if I determine that you have the mental wherewithal to make that decision and that there is, in fact, a factual basis, then if you plead guilty and I decide to accept it, then you will be adjudged guilty.  The Defendant: Yes, ma'am.  The Court:  So in that sense it is binding.  The Defendant: Yes, ma'am.  The Court:  Understand?  The Defendant: Yes, ma'am."), 15 (after explaining charges and sentencing procedure, "The Court: Well, Mr. Lang, do you still want to plead guilty to Count 1?  The Defendant: Yes, ma'am.  The Court:  Do you want to plead guilty to Count 1 because you are, in fact, guilty of Count 1?  The Defendant: Yes, ma'am.")

not to testify at trial, that he would waive his trial rights by pleading guilty, the elements of the crimes with which he was charged, and the statutory penalties and other consequences he faced if he pleaded guilty. Doc. 108 at 6-14.  He testified throughout the hearing that he understood the Court's explanations and questions.  *See generally id.*  Lang stated, albeit before he was placed under oath, that no one had made or forced him to plead guilty and that no one had leaned on him.  *Id.* at 3.  Lang also testified that his decision to plead guilty was voluntary, and that he was pleading guilty because he was in fact guilty of the crime to which he was pleading guilty.  *Id.* at 15.

Lang also provided extensive testimony concerning his relationship with his counsel.  He testified that he understood that he had the right to counsel to assist him throughout the case regardless of whether he decided to plead guilty.  Doc. 108 at 6-7.  Lang testified that he was satisfied with his attorney's advice and assistance and that he had no

complaints about his appointed counsel's representation whatsoever. *Id.*
at 9-10.[4]

Finally, the Court explained the penalties associated with the
charge to which Lang was pleading guilty, and he stated that he
understood. Doc. 108 at 12-14. The Court stated that it would calculate
Lang's sentencing range under the United States Sentencing Guidelines,
but the Guidelines were merely advisory, and the Court could sentence
Lang above or below the Guideline range. *Id.* at 14. The Court explained
that no one could predict Lang's sentence, that all anyone could give him
regarding his sentence was an estimate or best guess and that such an
estimate would in no way be binding on the Court. *Id.* Lang testified
that no one had made any promises or guarantees to him regarding what
sentence he would receive. *Id.*

Based on Lang's sworn statements throughout the plea colloquy,
the Court concluded that he was competent, that he knowingly and
intelligently participated in the hearing, and that his offer to plead guilty
was voluntarily, knowingly, and intelligently made, and not the result of

---

[4] "The Court: Are you satisfied with [appointed counsel's] representation? The
Defendant: Yes, ma'am. The Court: Do you have any complaints about it
whatsoever? The Defendant: No, ma'am." Doc. 108 at 10.

any force, pressure, threats, or promises.  Doc. 108 at 16.  Lang agreed with those assessments.  *Id.*  Given this extensive colloquy and Lang's sworn declarations, he cannot now be heard to argue that his plea was unknowing or involuntary.  *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

The Court must rely upon the truthfulness of Lang's prior sworn statements when ruling on his Section 2255 Motion.  He cannot now argue in direct contradiction to this testimony.  Even if his appointed counsel had misadvised Lang prior to the Rule 11 hearing, as he alleges, the Court's careful and detailed procedure during the hearing would have dissuaded Lang of any improper beliefs and cured any defective advice. *See Cruz v. United States*, 188 F. App'x 908, 914 (11th Cir. 2006) (affirming dismissal of ineffective assistance claim where movant claimed counsel coerced her into pleading guilty based on misrepresented facts about the case and sentencing given the court's thorough explanation at plea hearing); *United States v. Miley*, 119 F. App'x 330, 332 (2d Cir. 2005) (holding that any prejudice from defense counsel's alleged misrepresentations was dispelled by the time movant pleaded

guilty and acknowledged that no promises had, in fact, been made to him outside of the plea agreement).

## CONCLUSION

For the reasons explained above, Lang's guilty plea was voluntary, knowing, intelligent, and counseled. His guilty plea, therefore, precludes his attack on his conviction based on his claim that his appointed counsel rendered ineffective assistance prior to the guilty plea. *See, e.g., Garcia v. United States*, 2019 WL 6699706 at *1 (11th Cir. Oct. 30, 2019) (citing *Wilson*, 962 F.2d at 997) ("Claims of ineffective assistance of counsel that do not implicate the validity of the plea are waived by a guilty plea . . . ."). His Motion should be **DENIED**, doc. 125, and civil action CV421-150 should be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant")
(emphasis added).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and
this Court's Local Rule 72.3.  Within 14 days of service, any party may
file written objections to this R&R with the Court and serve a copy on all
parties.  The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations."  Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge.  The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of July, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA